UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| TONI GOZ, on behalf of the estate of LYNN D. TRAVERS,<br><br>Plaintiff,<br><br>v.<br><br>ALLIED COLLECTION SERVICES, INC., GRANT & WEBER, INC.; EXPERIAN INFORMATION SOLUTIONS, INC.; SILVER STATE SCHOOLS CREDIT UNION; AND WELLS FARGO HOME MORTGAGE,<br><br>Defendants. | Case No. 2:16-cv-01848-RFB-PAL<br><br>Cons. Case No. 2:17-cv-01591-JCM-CWH<br><br>ORDER |

## I. INTRODUCTION

Lynn Travers sued Defendants, alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* ECF No. 1. After the unfortunate passing of Travers, Plaintiff Toni Goz, in her capacity as administratrix of Travers's estate, was substituted as the proper party in this action. ECF No. 133.

Before the Court now comes Plaintiff and Defendants Experian Information Solutions, Inc. and Silver State Schools Credit Union's Joint Motion for Reconsideration of Motions for Summary Judgment. ECF No. 134. The Court grants the Motion for Reconsideration. Thus, the Court reconsiders the following motions below: Plaintiff's two Motions for Partial Summary Judgment, ECF Nos. 84 and 93; Defendant Experian's Motion for Summary Judgment, ECF No. 82; and Defendant Silver State Schools's Motion for Summary Judgment, ECF No. 88.

## II. PROCEDURAL BACKGROUND

Travers initiated this action on August 4, 2016, alleging two claims: (1) violation of the

FCRA against all Defendants and (2) violation of the FDCPA against Defendants State Collection Service, Inc., Grant & Weber, Inc., and Allied Collection Services, Inc. ECF No. 1. This matter was later consolidated with Lynn Travers v. Experian Information Solutions Inc. and Silver State Schools Credit Union, 2:17-cv-01591-JCM-CWH (D. Nev. filed August 4, 2016). ECF No. 122.

The Clerk of the Court entered default against Allied Collection Services on June 23, 2017.[1] ECF No. 78. Defendants State Collection Service, Inc., Wells Fargo Home Mortgage, Equifax Information Services, LLC, Trans Union, LLC, and Innovis Data Solutions, Inc. were all dismissed from this matter via voluntary dismissals or stipulations to dismissal. ECF Nos. 16, 18, 25, 34, 74. Grant & Weber was served but has not participated in this matter. ECF No. 36; see also docket (indicating Defendant Grant & Weber failure to defend). However, Grant & Weber has not been dismissed from the matter nor has an entry of default been entered against it. See docket.

On July 3, 2017, Travers moved for partial summary judgment against Experian, ECF No. 84, and against Silver State Schools, ECF No. 93. The two Defendants also moved for summary judgment on Travers's claims. ECF Nos. 82, 88. Each motion was fully briefed by the parties. ECF Nos. 102, 103, 107, 111, 113, 114, 116, 117. The Court entertained oral argument on the motions on March 1, 2018, ultimately taking the motions under submission. ECF No. 21.

Travers's counsel subsequently filed a Suggestion of Death on March 22, 2018, noticing the Court of Travers's passing. ECF No. 126. The Court therefore denied the four motions for summary judgment without prejudice and ordered counsel to move to substitute a real party in interest under Federal Rule of Civil Procedure 25 within sixty days of March 28, 2018. ECF No. 29. The Court also instructed the parties to file a joint motion for reconsideration of the four motions for summary judgment if a substitution was in fact made. Id. Plaintiff was substituted as the proper party in her capacity as administratrix of Travers's estate on May 18, 2018. ECF No. 133. Plaintiff and Defendants Experian and Silver State Schools now move for reconsideration of the four motions in accordance with the Court's order. ECF No. 134.

---

[1] Default judgment has not yet been entered against Defendant Allied Collection Services, Inc. See docket.

### III. JOINT MOTION TO RECONSIDER

To begin, the Court grants the parties' Joint Motion for Reconsideration. The Court denied the parties' motions for summary judgment based on the lack of a real party in interest after Travers's death. Because a real party in interest, Plaintiff Goz, has been substituted in the matter and the parties move for reconsideration in accordance with the Court's earlier order, the Court finds the circumstances justify reconsideration of the motions. See Fed. R. Civ. P. 60(b)(6) (allowing for relief reconsideration under certain circumstances, including "any other reason that justifies relief.").

### IV. MOTIONS FOR SUMMARY JUDGMENT

The Court now turns to the four motions for summary judgment.

#### a. Undisputed Facts

The Court finds the following facts to be undisputed. As defined by the FCRA, Experian is a credit reporting agency ("CRA"), Silver State Schools is a furnisher, and Travers was a consumer.

##### i. Travers's Bankruptcy

Travers filed a Chapter 13 bankruptcy petition on August 29, 2011. The petition listed two of Travers's accounts on Schedule D: her Wells Fargo account and her first Silver State School account. The petition also listed Travers's second Silver State School account on Schedule F. The bankruptcy court confirmed Travers's plan of reorganization on January 25, 2012. Each of Travers's three accounts were included in the approved plan. The bankruptcy trustee entered a final account and report on May 14, 2015, indicating that Travers satisfied all the plan payments. The bankruptcy court discharged Travers on July 20, 2015.

##### ii. Travers's Disputes to her Credit Report Disclosure

Travers paid for a copy of her credit report from Experian in October 2015. She later received a copy of the disclosure, which was dated October 30, 2015.[2] The disclosure failed to list Travers's Silver State School accounts as part of her bankruptcy; the disclosure instead listed the

---

[2] A disclosure is a report that discloses to a consumer all the information provided on a credit report generated from Experian. A disclosure is also called a consumer disclosure initial or a CDI.

accounts as "charged off." While it listed Travers's Wells Fargo account as part of her bankruptcy, it stated the account was included in the bankruptcy on July 20, 2015. The same information was reported on a disclosure dated December 23, 2015.

Travers disputed information regarding, in part, the three accounts on April 4, 2016 by mailing a letter to Experian. In her dispute letter, Travers identified that the first Silver State Schools account was reported with a status of "charge off" multiple times and was reported with incorrect balances. She asked that the account be reported as "current or discharged in Bankruptcy at any time after the discharge date" and that it be reported with a zero balance. ECF No. 86-8. She asked that the second Silver State Schools account be reported in the same manner. She also requested that the Wells Fargo account be updated to reflect her ongoing payments. Travers attached to the letter a copy of the October disclosure, the first three pages of her bankruptcy petition, and her identifying information.

### iii. Experian's Reinvestigation Process to Travers's Disputes

Experian received Travers's dispute letter on April 12, 2016 and began a reinvestigation by sending automated consumer dispute verifications ("ACDV") to Silver State Schools and Wells Fargo.[3] Experian attached Travers's dispute letter to the ACDVs. Both furnishers timely responded. Wells Fargo responded by reporting: a balance date of April 7, 2016; a CII indicating Chapter 13 discharge; and a last payment date of March 31, 2016. Silver State Schools responded by reporting: a closed date of August 29, 2011; a balance date of July 20, 2015; and a CII indicating a zero balance and current as of July 2015 for the first Silver State Schools account and as of August 2015 for the second Silver State Schools Account.

Experian sent its reinvestigation results to Travers on May 4, 2016. Experian marked all three of the accounts as updated in the dispute results section and stated that each account was updated to reflect changes required due to the reinvestigation. Experian did not categorize any of the three accounts in a section titled "remains" since the reinvestigation resulted in changes to all

---

[3] Experian sends an ACDV to a furnisher to inform the furnisher of the dispute and to obtain a response regarding the disputed information. Typically, a furnisher must respond within thirty days to an ACDV.

three of the accounts. The disclosure also detailed Travers's bankruptcy petition as being filed in August 2011 and discharged in July 2015, rendering the bankruptcy reportable until August 2018.

The disclosure also detailed Travers's Silver State Schools accounts as included in the bankruptcy but not until August 4, 2015 for the first account and September 4, 2015 for the second account. It also detailed the Wells Fargo account as included in the bankruptcy, dating its inclusion as of March 31, 2016.

Experian invited Travers to submit additional documentation to support her disputes if she was unsatisfied with the reinvestigation results. Travers did not submit any additional documents. Thus, Experian has since continued reporting Travers's information as updated through the reinvestigation process.

Although the disclosure did not include a statement from Travers that the information was disputed, Experian had notified her that the request was premature when she made it and that she would therefore need to renew the request after reviewing the reinvestigation results. Travers never renewed the request.

### b. Disputed Facts

The parties dispute whether Defendants conducted reasonable investigations into Travers's dispute, whether Defendants reported inaccurate information; and whether Defendants caused damages to Travers.

### c. Legal Standard

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). When considering the propriety of summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. Gonzalez v. City of Anaheim, 747 F.3d 789, 793 (9th Cir. 2014). If the movant has carried its burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts…. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine

issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original) (internal quotation marks omitted). It is improper for the Court to resolve genuine factual disputes or make credibility determinations at the summary judgment stage. Zetwick v. Cty. of Yolo, 850 F.3d 436, 441 (9th Cir. 2017) (citations omitted).

### d. Discussion

Plaintiff asserts violations of the FCRA against Defendants Experian and Silver State Schools.

#### i. The FCRA

"Congress enacted the [FCRA] in 1970 'to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy.'" Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1153 (9th Cir. 2009) (quoting Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47 (2007)). "As an important means to this end, the Act sought to make '[CRAs] exercise their grave responsibilities [in assembling and evaluating consumers' credit, and disseminating information about consumers' credit] with fairness, impartiality, and a respect for the consumer's right to privacy.'" Id. (alteration in original) (quoting 15 U.S.C. § 1681(a)(4)).

In relation to the duties of CRAs in the event a consumer disputes reported information as inaccurate, Section 1681i provides:

> [T]he [CRA] shall … conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file …, before the end of the 30-day period beginning on the date on which the [CRA] receives the [consumer's dispute].

15 U.S.C. § 1681i(a)(1)(A). Thus, the CRA must conduct a reinvestigation of information provided by furnishers or creditors within thirty days of receiving notice of the consumer dispute. Id. To conduct a reasonable investigation, the FCRA requires that the CRA "provide notification of the dispute to any [furnisher that] provided information in dispute[.]" Id. § 1681i(a)(2)(A). The notice must contain "all relevant information regarding the dispute that the [CRA] has received from the consumer…." Id. However, a consumer must trigger the CRA's duty to reinvestigate by "notify[ing] the [CRA] of the purported reporting error." Herisko v. Bank of Am., 367 F. App'x

///

793, 794 (9th Cir. 2010) (requiring the consumer's notice to identify each challenged inaccuracy to trigger a CRA's duty under FCRA).

The FCRA also imposes duties on furnishers once a consumer disputes the accuracy of reported information. Id. § 1681s-2. Section 1681s-2 requires a furnisher to take the following actions after receiving notice of the consumer dispute:

> (A) conduct an investigation with respect to the disputed information;
> (B) review all relevant information provided by the [CRA]…;
> (C) report the results of the investigation to the [CRA];
> (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other [CRAs] to which the [furnisher provided] the information and that compile and maintain files on consumers on a nationwide basis; and
> (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation…, for purposes of reporting to a [CRA] only, as appropriate, based on the results of the reinvestigation promptly [modify, delete, or permanently block the reporting of that item of information].

Id. § 1681s-2(b)(1)(A)-(E). A furnisher may be held liable for violation 15 U.S.C. § 1681s-2(b)(1) if it fails to conduct a reasonable investigation after being notified by a CRA of a consumer's dispute. Gorman, 584 F.3d at 1157. The question of whether an investigation was reasonable is left to the jury unless "only one conclusion about the conduct's reasonableness is possible." Id. (citation and quotation marks omitted). A furnisher may also be held liable if it conducts a reasonable investigation but subsequently declines to "rectify past misreporting and prevent future misreporting of information." Drew v. Equifax Info. Servs., LLC, 690 F.3d 1100, 1108 (9th Cir. 2012). But like the notice required to trigger a CRA's duty, a furnisher's duties under FCRA do not arise until it receives notice of the dispute[.]" Herisko, 367 F. App'x at 794.

### ii. Analysis

The four pending motions for summary judgment turn on the notice provided by Travers in her dispute letter to Experian, which was then forwarded to Silver State Schools. Plaintiff contends that the letter required Defendants to update the bankruptcy discharge date according to the date on which Travers filed her petition. The Court disagrees.

///

The dispute letter asks that specific information be corrected in a specific manner: (1) the Silver State Schools accounts to be reported as a zero balance; (2) the Silver State Schools accounts to be reported as discharged in bankruptcy rather than being charged off multiple times; and (3) the Wells Fargo Account be updated to reflect the current balance and past payments. It is undisputed that the requested changes were made as a result of the investigation and reinvestigation conducted, respectively, by Silver State Schools and Experian. Although the date of the bankruptcy may have continued to be misreported after the conclusion of the reinvestigation, Travers failed to challenge the reported date of the bankruptcy as being inaccurate in her dispute letter. Thus, neither Experian nor Silver State Schools were under a duty to correct the inaccuracy. Because the inaccuracy of the reported bankruptcy date is the basis of this litigation and neither Defendant had notice of the inaccuracy prior to the suit, the Court finds both Defendants are entitled to summary judgment as a matter of law. See Herisko, 367 F. App'x at 794. The Court grants both Defendants' motions and denies Plaintiff's two motions accordingly.

## V.  CONCLUSION

**IT IS ORDERED** that the parties Joint Motion to Reconsider (ECF No. 134) is GRANTED.

**IT IS ORDERED** that Plaintiff Toni Goz's Motion for Summary Judgment (ECF No. 84) is DENIED.

**IT IS ORDERED** that Plaintiff Toni Goz's Motion for Summary Judgment (ECF No. 93) is DENIED.

**IT IS ORDERED** that Defendant Silver State Schools Credit Union's Motion for Summary Judgment (ECF No. 82) is GRANTED. The Clerk of the Court is instructed to enter judgment in favor of Defendant Silver State Schools Credit Union.

**IT IS ORDERED** that Defendant Experian Information Solutions, Inc.'s Motion for Summary Judgment (ECF No. 88) is GRANTED. The Clerk of the Court is instructed to enter judgment in favor of Defendant Experian Information Solutions, Inc.

**IT IS ORDERED** that the Clerk of Court shall dismiss the case against the two remaining defendants, Allied Collection Services and Grant & Weber, without prejudice as Plaintiff has not

taken further action to prosecute this case against either one of them. The Court exercises its inherent authority in the management of its docket and its authority under Rule 41(b) to dismiss the action against these two Defendants for failure to prosecute. Plaintiff shall have 14 days to request reconsideration of this dismissal against these two Defendants and file a motion for reconsideration to reopen the case and, simultaneously, a motion for default/default judgment. If no such motion is filed, the case will be deemed without further order from this Court as dismissed with prejudice as to these two Defendants.

**IT IS ORDERED** that the Clerk of Court shall close this case.

DATED: March 25, 2019.

_____

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**